Michael A. Siddons (NJ ID#017592008)
The Law Office of Michael Alan Siddons, Esquire
230 N. Monroe Street
Media, PA 19063
Tel: 609-285-3999
msiddsons@siddonslaw.com
Attorney for Plaintiff,
Elizabeth Marchese

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | : | |
|---|---|---|
| Elizabeth Marchese, | : | |
| Plaintiff, | : | Civil Case No.: |
| vs. | : | |
| GC Services, LP | : | |
| Defendant. | : | |
| | : | |

**PLAINTIFF'S COMPLAINT**

Elizabeth Marchese (Plaintiff), through her attorneys, alleges the following against GC Services, LP (Defendant):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

1

PLAINTIFF'S COMPLAINT

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of New Jersey, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Glassboro, New Jersey..

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is an alleged debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant is a debt collection agency with its main office located in Houston, Texas.

## FACTUAL ALLEGATIONS

10. On or about Jul7 3, 2015, Defendant sent a written communication to Plaintiff in connection with the collection of the alleged Debt.  A true and correct copy of the July 3, 2015 communication is attached hereto as Exhibit A.

11. The July 3, 2015 communication was the first communication Plaintiff received from Defendant.

PLAINTIFF'S COMPLAINT

12. Plaintiff did not receive any additional communications from Defendant within five days of the July 3, 2015 communication.

13. The July 3, 2015 communication stated "Your Sam's Club MasterCard Account, which was issued by and owed to Synchrony Bank, has been referred to us by our client for collection." *See* Ex. A.

14. The July 3, 2015 communication then stated:

    If you dispute this balance or the validity of this debt, please contact us. If you do not dispute this debt within 30 days after you receive this letter, we will assume this debt is valid. However, if you do dispute all or any portion of this debt within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you. Or, within 30 days of receiving this letter you request the name and address of the original creditor, we will provide it to you in the event it differs from our client, Synchrony Bank.

    Ex. A.

15. Defendant's July 3, 2015 communication also stated:

    This is a communication from a debt collector and is an attempt to collect a debt, any information obtained will be used for that purpose.

    Ex. A.

16. Defendant's January 9, 2015 communication violated 15 U.S.C. § 1692g(a)(4) by failing to inform Plaintiff that Defendant need only mail verification of the debt, or a copy of the judgment, if any, to her if she notified Defendant of her request in writing.

17. That is, a debt collector need only provide verification of a debt, or a copy of an applicable judgment, if requested to do so by a consumer in writing. By failing to include this "in writing" requirement in its initial debt collection letter, Defendant misstated Plaintiff's rights under the FDCPA.

18. Defendant's misstatement of the rights afforded by the FDCPA would cause the least-sophisticated consumer to understand, incorrectly, that requests for debt validation could be made orally or by means other than in writing. Such a misunderstanding could lead the least-sophisticated consumer to waive or otherwise not properly vindicate her rights under the FDCPA.

19. Moreover, failing to request verification in writing would cause a consumer to waive the important protections afforded by 15 U.S.C. § 1692g(b)—namely that a debt collector cease contacting the consumer until the debt collector provides the consumer with verification of the alleged debt.

20. As one district court explained:

> An oral notice of dispute of a debt's validity has different legal consequences than a written notice. Section 1692g(b) provides that if the consumer notifies the collector of a dispute *in writing* within the 30–day period, the collector must cease collection activities until he obtains the verification or information required by subsections 1692g(a)(4) and (a)(5). But if the consumer disputes the debt orally rather than in writing, the consumer loses the protections afforded by § 1692g(b); the debt collector is under no obligation to cease all collection efforts and obtain verification of the debt. *Withers v. Eveland,* 988 F. Supp. 942, 947 (E.D.Va.1997). An oral dispute "triggers multiple statutory protections," but these protections are not identical to those triggered by a written dispute. *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005). As the Ninth Circuit has explained, the FDCPA "assigns lesser rights to debtors who orally dispute a debt and greater rights to debtors who dispute it in writing." *Id*. at 1082.

(See *Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 869-70 (S.D. Tex. 2011) (" Every district court to consider the issue has held that a debt collector violates § 1692g(a) by failing to inform consumers that requests under subsections (a)(4) and (a)(5) must be made in writing."))

21. Upon information and good-faith belief, Defendant's January 9, 2015 communication is based on a form template used by Defendant to collect consumer debts in default on behalf of Bank of America, N.A.

### COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692g(a)(4)

22. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 27.

23. 15 U.S.C. § 1692g provides:

    (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's *written* request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

    (b) If the consumer notifies the debt collector *in writing* within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

    (c) The failure of a consumer to dispute the validity of a debt under this section may

5

not be construed by any court as an admission of liability by the consumer.

24. Defendant's July 3, 2015 communication was its initial communication to Plaintiff.

25. The July 3, 2015 communication was in connection with an attempt to collect the Debt from Plaintiff.

26. At the time Defendant acquired Plaintiff's Debt for collection, the Debt was considered to be in default.

27. The July 3, 2015 communication did not contain the proper disclosures required by 15 U.S.C. §1692g, nor did Defendant provide such disclosures within five days thereafter.

28. Specifically, the July 3, 2015 communication violated 15 U.S.C. §1692g(a)(4) by failing to inform Plaintiff that Defendant need only mail verification of the debt to her, and a copy of any judgment, if she notified Defendant of her request in writing.

29. As a result, Defendant violated 15 U.S.C. §1692g(a)(4).

**WHEREFORE**, Plaintiff respectfully requests for relief and judgment, as follows:

    a.    Adjudging and declaring that Defendant violated 15 U.S.C. § 1692g(a)(4);

    b.    Awarding Plaintiff statutory damages pursuant to 15 U.S.C. §1692k in the amount of $1,000.00;

    c.    Awarding Plaintiff her reasonable costs and attorneys' fees incurred in this action, pursuant to 15 U.S.C. §1692k;

    d.    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

    e.    Awarding other and further relief as the Court may deem just and proper.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

Pursuant to Local Rule 11.2, I certify that this matter in controversy is not the subject of any other action pending in any court, arbitration, or administrative proceeding.

DATED:  October 14, 2015            The Law Office of Michael Alan Siddons, Esquire

                                        By:/s/_Michael A. Siddons_____
                                              Michael A. Siddons, Esquire
                                              NJ ID#017592008
                                              The Law Office of Michael Alan Siddons, Esquire
                                              230 N. Monroe Street
                                              PO Box 403
                                              Media, PA 19063

PLAINTIFF'S COMPLAINT